IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| BRET J. ZAHINA, ) | |
| ) | Bankruptcy No. 15-00309 |
| Debtor. ) | |

## TRIAL RULING

This case came before the Court for trial in Dubuque, Iowa on Creditor David Kane's objection to Debtor Bret Zahina's 11 U.S.C. § 522(f) motion to avoid liens on Debtor's property. Stuart Hoover appeared for Debtor. Brian Peters appeared for the Creditor. The Court took the matter under advisement. The parties filed post-trial briefs. This is a core proceeding under 28 U.S.C. § 157(b)(2)(K).

## STATEMENT OF THE CASE

Debtor Bret Zahina ("Debtor") contracted with Mr. Kane to purchase real estate. Debtor lived on this real estate as his homestead. Debtor stopped making the contract payments to Mr. Kane. Mr. Kane sued Debtor on the contract and obtained a judgment against Debtor in Jackson County, Iowa in 2014. The judgment attached to the property as a judgment lien.

Debtor filed bankruptcy and filed a motion to avoid judicial liens on the real estate under 11 U.S.C. § 522(f), arguing that Mr. Kane's judgment lien impaired his homestead exemption. The parties agree that the real estate is Debtor's

homestead. Mr. Kane argues that Debtor cannot avoid his judgment lien because Mr. Kane's judgment is for the homestead's purchase price.

The Court sustains Mr. Kane's objection. Mr. Kane's judgment is for the homestead's purchase price. In Iowa, homesteads are not exempt from a judgment for the homestead's purchase price.

## FINDINGS OF FACT

Debtor and Mr. Kane are neighbors and former friends. The property at issue consists of two contiguous parcels of land in a trailer park in Jackson County, Iowa. Both men are residents of the park. Debtor's trailer is on the first parcel. The second parcel has a small garden and shed.

Before 2010, Debtor rented the first parcel from Mr. Kane. Sometime in 2010, however, he entered an agreement with Mr. Kane to buy both parcels of land. Under the agreement, Debtor would make monthly payments to Mr. Kane while he continued to live on the first parcel. The agreed purchase price for both parcels was $42,300. Neither Debtor nor Mr. Kane was represented by an attorney during the transaction. The men drew up the contract documents themselves. Only Debtor signed the contract.

Debtor and Mr. Kane had other financial dealings as well. Aside from the contract to purchase the property, Debtor asserts that Mr. Kane lent him money for truck driving school. He says that some of his repayment obligations were offset

by odd jobs he performed, such as mowing Mr. Kane's yard. These transactions were never recorded.

Debtor stopped making payments to Mr. Kane in September 2011 after losing his job. A few months later, after the two men had been drinking in Debtor's home, Mr. Kane assaulted Debtor over Debtor's failure to make payments. Mr. Kane was prosecuted for the assault.

On July 26, 2013, Mr. Kane sued Debtor in Jackson County, Iowa for the unpaid balance of the parcel contract. On July 1, 2014, the court entered judgment against Debtor for $43,259.66 plus 10% interest. The court interpreted the parties' agreement as a contract for land as a promissory note. The court ruled that Debtor failed to perform according to the contract. It also ruled that Debtor holds equitable title to both properties, contingent on Debtor repaying Mr. Kane.

Debtor filed this bankruptcy petition on March 13, 2015. Debtor listed both parcels of land as his homestead and exempt on Schedule C. A meeting of creditors was held on April 13, 2015. No creditors objected to Debtor's exemptions. Debtor then filed a motion to avoid the liens on the parcels he claimed as his homestead. Mr. Kane timely objected.

## DISCUSSION

Debtor moved to avoid Mr. Kane's lien under 11 U.S.C. § 522(f). Debtor argues that the 2014 judgment itself is invalid because Debtor was unrepresented at

3

the proceeding and that he no longer owed Mr. Kane money in September 2011. He also argues that, because the first parcel is his homestead, Mr. Kane's judicial lien is avoidable under 11 U.S.C. § 522(f).

Mr. Kane argues that 11 U.S.C. § 522(f) does not apply because Debtor's homestead is not exempt against Mr. Kane's judgment. Mr. Kane argues that the property is not exempt from his judgment because it is for purchase money used to acquire the property. Under Iowa law, property is not exempt against judgments for money used to acquire it. Mr. Kane asserts that under § 522(f), therefore, his judgment lien does not "impair[] an exemption to which the debtor would have been entitled."

There are two issues in this case. First, did the 2014 Jackson County judgment against Debtor create a valid debt and judicial lien? Second, if the judgment created a lien, does the lien impair an exemption Debtor could have claimed if the lien did not exist?

### I.    Validity of the Debt and Lien

Debtor spent much of the trial highlighting the circumstances surrounding the 2010 deal between himself and Mr. Kane to buy the parcels of land. Debtor testified about the informalities of the transactions and about how their agreements were never properly recorded. He also explained how they frequently changed the terms of the deal. Debtor testified about Mr. Kane's assault. Debtor also pointed

to the fact that he was unrepresented by counsel in Mr. Kane's 2014 Jackson County suit for defaulting on the purchase agreement. Debtor seemed to imply that the 2014 Jackson County judgment was inapplicable in this case and invalid.

Collateral estoppel precludes parties from re-litigating issues already determined in a prior proceeding. In re Hodges, 271 B.R. 347, 351 (N.D. Iowa 2000). If issues raised in a bankruptcy case have potentially already been litigated and decided by a state court, "bankruptcy courts appl[y] that state's law of collateral estoppel to determine whether the issue will have preclusive effect." Id. In Iowa, there are four requirements for collateral estoppel: "(1) the issue must be identical to the one previously decided; (2) the issue must have been raised and litigated in the previous action; (3) the issue must have been material and relevant to the disposition of the previous action; and (4) the previous determination of the issue must have been necessary and essential to the resulting judgment." Id.

Collateral estoppel bars Debtor from re-litigating the terms of the purchase agreement between Mr. Kane and himself. The Iowa District Court determined that Mr. Kane and Debtor had entered a contractual agreement for the purchased of the two parcels of land. That court entered judgment "in favor of David Joseph Kane and against Bret Zahina in the amount of $43,259.66 inclusive of interest as of September 1, 2011 plus interest thereafter at 10% per annum." The issue of the parties' contractual relationship was litigated in this action and was essential to the

judgment against Debtor. Therefore, collateral estoppel applies and the Court finds the judgment binding in this litigation.

Further, the 2014 Jackson County judgment created a judicial lien. The term "judicial lien" is defined by the Bankruptcy Code as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(36) (2012). That court entered a judgment in a legal proceeding. In Iowa, judgment liens automatically attach to any real estate the defendant owns in the county where the court entered the judgment. Iowa Code § 624.24 (2015) Therefore, the 2014 Jackson County judgment created a valid judicial lien on Debtor's property.

## II.    Exemption Impairment

Debtor moved to avoid Mr. Kane's lien pursuant to 11 U.S.C. § 522(f). Section 522(f)(1) provides:

> Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
>
> (A) a judicial lien…

11 U.S.C. § 522(f)(1) (2012). In order to succeed on a motion to avoid a lien, a debtor must demonstrate that they "would have been entitled" to claim the property as exempt but for the lien. Owen v. Owen, 500 U.S. 305, 311 (1991); In re Streeper, 158 B.R. 783, 786 (N.D. Iowa 1993).

6

The Bankruptcy Code provides two sets of exemptions that a debtor can potentially claim: state and federal. 11 U.S.C. § 522(b)(1) (2012). States, however, can "opt out" of the federal exemptions and allow debtors within their borders to only claim the state exemptions. 11 U.S.C. § 522(b)(2) (2012). Iowa has "opted out" and, therefore, only Iowa exemptions are available. Hanrahan v. Roberts (In re Roberts), 450 B.R. 159, 164 (Bankr. N.D. Iowa 2011).

Under Iowa law, debtors can exempt their homestead. Iowa Code §561.16 (2015). The homestead is not exempt against a creditor, however, when that creditor loaned the money to purchase the homestead. LaSalle Bank v. Takes (In re Takes), 334 B.R. 642, 650 (N.D. Iowa 2005); Utley v. Boone, 299 N.W. 437, 440 (Iowa 1941) ("[T]he general rule is stated to be that one holding under contract is entitled to a homestead exemption except as to the liability under the contract for the unpaid purchase money…"). Therefore, a debtor's homestead will not be exempt against a judgment for a debt owed for the purchase of that homestead. See Utley, 299 N.W. at 440.

Debtors can avoid judicial liens which impair an exemption they would have been able to claim, but for the existence of the lien. 11 U.S.C. § 522(f)(1)(A) (2012). In determining whether a debtor can avoid a lien, courts must look to what exemptions a debtor "*would* have been entitled" to in the absence of the lien. Id. (emphasis added); Owen v. Owen, 500 U.S. 305, 311 (1991). This analysis

requires looking at a case from a "hypothetical, rather than actual" viewpoint to determine whether, if a lien did not exist, a debtor would have been able to claim an exemption. Owen, 500 U.S. at 311–12. The debtor bears the burden of proving they are entitled to avoid a lien. Catli v. Catli (In re Catli), 999 F.2d 1405, 1406 (9th Cir. 1993).

The § 522(f) analysis does not change if a creditor fails to object to a debtor's exemption claim on the debtor's bankruptcy petition. In re Streeper, 158 B.R. 783, 786–87 (Bankr. N.D. Iowa 1993). Section 522(l) provides that "[u]nless a party in interest objects, the property claimed as exempt on such list is exempt." 11. U.S.C. § 522(l) (2012). A party in interest generally has until 30 days after the meeting of creditors to file an objection to a debtor's claimed exemptions. Fed. R. Bankr. P. 4003(b). For purposes of determining whether a debtor "would have been entitled" to exempt property under § 522(f), however, it is irrelevant whether debtor has been able to exempt property listed under § 522(l). Streeper, 158 B.R. at 787. Instead, the court looks to whether that property would have been exempt "as of the date of [the] petition." Id. (citing Owen v. Owen, 500 U.S. 305, 314 n. 6 (1991)).

In this case, Debtor claimed the parcels of land exempt on his bankruptcy petition. No creditor objected to it within 30 days. While Debtor is entitled to exempt this property, he must still prove that Mr. Kane's lien impairs an exemption

8

Case 15-00309    Doc 49    Filed 05/11/16    Entered 05/11/16 15:21:32    Desc Main
          Document         Page 9 of 9

to which he "would have been entitled" on the date he filed his bankruptcy petition. He cannot.

Debtor's homestead was not exempt against Mr. Kane's judgment at the time when Debtor filed his bankruptcy petition. Under Iowa law, homesteads are liable for debts incurred to fund the homestead's purchase. Debtor incurred a debt to Mr. Kane for the purchase of his homestead and that debt was reduced to judgment by Mr. Kane in 2014. Debtor's property would not be exempt against Mr. Kane's judgment. Therefore, Mr. Kane's lien does not impair an exemption to which Debtor "would have been entitled" at the time he filed his bankruptcy petition.

## CONCLUSION

**WHEREFORE**, Mr. Kane's objection to Debtor's Motion to Avoid Liens is **SUSTAINED**.

Dated and Entered: May 11, 2016

_____
THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE